# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| CHARLES M. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N20A-08-003 CLS |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Decided: April 14, 2021

*Upon Appellant's Appeal from a Decision of the Unemployed Insurance Appeal Board*
**AFFIRMED.**

## ORDER

Charles M. Harris, Wilmington, Delaware, *Pro Se*.

Daniel Mulveny, Esquire, Delaware Department of Justice, Wilmington, Delaware, Attorney for Delaware Division of Unemployment Insurance.

**SCOTT, J.**

On this 13th day of April, 2021, and upon Appellant Charles M. Harris's ("Mr. Harris") Appeal of the Unemployment Insurance Appeal Board's decision, the Court finds as follows:

1. On July 1, 2020, Mr. Harris had a scheduled telephonic hearing with Unemployment Insurance Appeal Board for his appeal of the Appeals Referee's Decision that Mr. Harris voluntarily quit without good cause and was disqualified to receive unemployment benefits.

2. At the top of the Notice of Hearing, a document that Mr. Harris received,[1] it states that the hearing will be a telephone hearing and that both parties should call "302-761-8423" ("Specified Phone Number") on the date and time listed below. On another page, the Notice of Hearing states that the hearing is on July 1, 2020 at 11:00 am.

3. On July 1, 2020, Mr. Harris did not call the Specified Phone Number. As a result, the Board dismissed Mr. Harris's appeal pursuant to Board Rule 4.2.[2] Mr. Harris contested the Board's decision, which the Board construed as a request for a rehearing and denied his request (the "Decision").

---

[1] Mr. Harris attaches the letter to his Notice of Appeal and his Reply Brief. *See* D.I. 1, 16.

[2] Board Rule 4.2 requires all parties to appear within 10 minutes of their scheduled hearing time and warns that the failure to do so may result in their appeal being dismissed.

4. On September 1, 2020, Mr. Harris filed a Notice of Appeal in this Court. Through it, Mr. Harris claims that, since he didn't receive the Specified Phone Number, his failure to timely call into the telephonic hearing should be excused.

5. Mr. Harris's argument is flawed. On the Notice of Hearing, attached as an Exhibit to Mr. Harris's Notice of Appeal filed with this Court, the Specified Number is listed at the top of the page. It appears that Mr. Harris was properly notified of the Specified Phone Number.[3]

6. However, the relevant inquiry here is whether the Board abused its discretion in either denying his request for reargument or dismissing his claim.

7. Where the UIAB has made a discretionary decision, the scope of this Court's inquiry includes examining the UIAB's finding for abuse of discretion, which occurs when the UIAB "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[4] Absent an abuse of discretion, the Court will uphold the decision.[5]

---

[3] In bold font and contained within a box labeled IMPORTANT, the Notice states "THIS WILL BE A TELEPHONE HEARING. The claimant and employer (if involved) should call 302-761-8423 on the date and at the time listed below."

[4] *Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Jan. 26, 2000) (citing *K-Mart, Inc. v. Bowles*, 1995 WL 269872, at *2 (Del. Super. Mar. 23, 1995)

[5] *Funk*, 591 A.2d at 225.

8. Although Mr. Harris does not make clear whether he is appealing from the Board's decision on his Motion to Reconsider or the Board's decision regarding dismissing his Appeal, the analysis remains the same either way.

9. Mr. Harris had his claim, and later motion for reargument, dismissed by the Board for his failure to appear within 10 minutes of his scheduled hearing time for the appeal of the denial of his claim for unemployment benefits. Pursuant to Board Rule 4.2, the Board may dismiss claims for a party's failure to appear within 10 minutes of their scheduled hearing time. The Board exercised this power in this case and dismissed Mr. Harris's claim.

10. As part of their factual record, the Court determined that Mr. Harris received the instructions and proper phone number. Mr. Harris has even attached as an exhibit the instructions which lists the Specified Phone Number alongside his Notice of Appeal. Mr. Harris cannot claim he did not receive the Specified Phone Number.

11. The Board did not abuse its discretion, under Board Rule 4.2, to dismiss Mr. Harris's appeal for failure to call into the scheduled telephone hearing.

Therefore, for the reasons stated above, the Unemployment Insurance Appeal Board's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

_/s/ Calvin L. Scott_
**The Honorable Calvin L. Scott, Jr.**